IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>ANTHONY LAW,<br><br>           Defendant, | 2:21-CR-00118-CCW |

**OPINION AND ORDER**

      Before the Court is Defendant Anthony Law's Motion to Withdraw Guilty Plea, ECF No. 121, which the United States opposes, ECF No. 123. For the following reasons, the Court will **DENY** the Motion.

      Mr. Law is charged with possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). ECF No. 1 at 1. The charge stems from a September 21, 2020 traffic stop, during which Pennsylvania State Trooper Anthony Arbaczewski conducted a search of a vehicle in which Mr. Law was a passenger and discovered narcotics. *See* ECF No. 83 at 39:18–40:2, 40:14–17; *see also* ECF No 61 ¶¶ 1, 4. Mr. Law fled the scene and later confessed that the narcotics were his. *See* ECF No. 83 at 40:3–11, 41:15–43:10.

      After entering an initial plea of not guilty, Mr. Law filed a suppression motion. ECF Nos. 16, 61. He argued that the vehicle stop was not supported by reasonable suspicion or probable cause, that the stop was unreasonably extended, that consent to search the vehicle was coerced, and that Mr. Law should not have been detained because there was no suspicion of wrongdoing on his part. ECF No. 61 ¶ 6.

The Court denied that motion after an evidentiary hearing held on September 14, 2022, at which the government presented Trooper Arbaczewski's testimony and video from his patrol car. ECF Nos. 83, 86. As to the basis for the stop, the Court found that Trooper Arbaczewski had reasonable suspicion that the vehicle's driver had violated a Pennsylvania law regarding safe lane changes by changing lanes about four-to-five car lengths in front of the Trooper, causing him to brake, in order to make an exit. ECF No. 86 at 11–12.[1] The Court also held that the stop was not unlawfully extended, that Mr. Law lacked standing to challenge the vehicle search (which was, in any case, lawfully consented to), and that there was reasonable suspicion to support Mr. Law's initial detention. *See generally id.*

The Court then scheduled Mr. Law for a trial to begin on January 17, 2023. ECF Nos. 87, 91. At the Final Pretrial Conference held on January 9, 2023, Mr. Law informed the Court that he wanted to change his plea. ECF No. 107. The Court convened a change of plea hearing later that day, at which Mr. Law withdrew his plea of not guilty and entered a plea of guilty pursuant to a plea agreement. ECF Nos. 109, 110. The Court accepted Mr. Law's guilty plea and set a schedule for sentencing. ECF No. 112.

Mr. Law has now moved to withdraw his guilty plea so that he can "pursue a claim of misconduct by the agents in front of the grand jury." ECF No. 121 ¶ 5. According to Mr. Law, "[i]t can only be assumed" that the case agent who testified before the grand jury read from Trooper Arbaczewski's police report, which represented that the vehicle in which Mr. Law was a passenger "changed lanes trying to make [an] exit almost cutting off the cruiser." ECF No. 125 at 1. Mr. Law argues that the video played at his suppression hearing shows that this presumed grand jury testimony was "clearly false." ECF No. 121 ¶ 4.

---

[1] The Court also found that Trooper Arbaczewski had reasonable suspicion that the driver had earlier violated a Pennsylvania law regarding maintaining a safe distance between vehicles. ECF No. 86 at 11–12.

2

Motions to withdraw a guilty plea are governed by Federal Rule of Criminal Procedure 11(d). Under that Rule, a defendant may withdraw a guilty plea that the court has accepted by showing "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The "fair and just" inquiry turns on three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Rivera*, 62 F.4th 778, 788 (3d Cir. 2023) (quoting *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003)). Within this framework, "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Id.* (quoting *Jones*, 336 F.3d at 252). Ultimately, it is the defendant's "substantial burden" to show that there is a "fair and just" reason for the withdrawal. *Id.*

Here, Mr. Law has failed to carry his substantial burden.[2] He does not assert his innocence, and instead asks to withdraw his plea so that he can challenge his indictment based on alleged misconduct before the grand jury, namely the case agent's reading from Trooper Arbaczewski's report. But Mr. Law has not shown misconduct, let alone misconduct that would support a motion to dismiss the indictment. This Court has already held—based on video from the stop—that Trooper Arbaczewski had reasonable suspicion that the vehicle had violated Pennsylvania law by making an unsafe lane change in front of his cruiser before taking an exit. The police report, even if it were read to the grand jury—something that is not clear from the record—is thus consistent

---

[2] Mr. Law has not requested an evidentiary hearing on his Motion, nor is one necessary because even if true, the assertions in his Motion would not be grounds for withdrawing his guilty plea. *See United States v. Irvin*, No. CR 04-309-001, 2006 WL 8426722, at *1 n.1 (W.D. Pa. July 17, 2006), *aff'd sub nom.*, 429 F. App'x 182 (3d Cir. 2011) ("A court reviewing a motion to withdraw a guilty plea need not hold an evidentiary hearing if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true." (internal quotations omitted)) (Diamond, J.).

with the video.  Even if there were an error in the grand jury proceeding, Mr. Law has presented nothing to suggest that the error would have prejudiced him, as would be required to dismiss the indictment.  *See United States v. Soberon*, 929 F.2d 935, 939 (3d Cir. 1991) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988)).

Because Mr. Law does not assert his innocence and has not presented a valid reason for withdrawing his plea, the government need not show prejudice for Mr. Law's Motion to be denied. *See Rivera*, 62 F.4th at 788.  Even so, the government *has* shown prejudice—allowing Mr. Law to withdraw his plea would result in wasted resources and would force the United States to rely on faded witness memories at trial.  *See United States v. Houser*, 404 F. App'x 638, 640 (3d Cir. 2010) (finding a "withdrawal of [a] guilty plea [can] prejudice the government because of the time that [has] elapsed" since a criminal defendant's arrest).

For all of these reasons, Mr. Law has failed to show a "fair and just" reason in support of his Motion to Withdraw Guilty Plea.  The Motion is therefore **DENIED**.

DATED this 15thth day of August, 2023.

BY THE COURT:

/s/Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record